JONATHAN A. STIEGLITZ, ESQ.
(SBN 278028)
jonathan.a.stieglitz@gmail.com
THE LAW OFFICES OF
JONATHAN A. STIEGLITZ
11845 W. Olympic Blvd., Suite 800
Los Angeles, California 90064
Telephone:   (323) 979-2063
Facsimile:    (323) 488-6748

Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Louis Chen, individually and on behalf of all others similarly situated, Plaintiff, <br><br> Against <br><br> Portfolio Recovery Associates, LLC; Defendant. | Case No.: <br><br> **CLASS ACTION COMPLAINT** for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* Rosenthal Fair Debt Collection Practices Act, Cal Civ. Code §§ 1788 *et seq.* <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff Louis Chen ("Plaintiff"), by and through his attorneys, The Law Offices of Jonathan A. Stieglitz, and as for his Complaint against the Defendant Portfolio Recovery Associates, LLC ("PRA" or "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of the Plaintiff's counsel, except for allegations specifically pertaining to the Plaintiff, which are based upon the Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1. The Fair Debt Collection Practices Act ("FDCPA" or "Act") was enacted in response to the "abundant evidence of the use of abusive, deceptive, and unfair

debt collection practices by many debt collectors." 15 U.S.C. §1692(a). Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* It concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts' does not require 'misrepresentation or other abusive debt collection practices.'" 15 U.S.C. §§ 1692(b) & (c).

2. The purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). "After determining that the existing consumer protection laws ·were inadequate." *Id.* § 1692(b), the Act gave consumers a private cause of action against debt collectors who fail to comply with the Act. Id. § 1692k.

3. The Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788 *et seq.* was enacted because unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. Thus, the purpose of the RFDCPA is to prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts.

## JURISDICTION AND VENUE

4. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as well as 15 U.S.C. § 1692 *et seq*. The Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

5. Supplemental jurisdiction of this Court arises under 28 U.S.C. § 1367 because the state law claims are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where a substantial part of the events or omissions giving rise to the claim occurred and where the Plaintiff resides.

## NATURE OF THE ACTION

7. Plaintiff brings this class action on behalf of a class of California consumers under § 1692 et seq. of Title 15 of the United States Code, also known as the FDCPA, and

8. Plaintiff is seeking damages, declaratory and injunctive relief.

## PARTIES

9. Plaintiff is a resident of the State of California, County of Santa Clara.

10. Plaintiff is a person as defined by Cal. Civ. Code § 1788.2(g) and is obligated or allegedly obligated to pay any debt.

11. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692(a)(3).

12. Defendant PRA is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and Cal. Civ. Code § 1788.2(c).

13. PRA can be served upon its registered agent, Corporate Service Company d/b/a CSC - Lawyers Incorporating Service, 2710 Gateway Oaks Drive, Suite 150N, Sacramento, CA 95833.

14. Upon information and belief, Defendant PRA is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

## CLASS ALLEGATIONS

15. Plaintiff brings this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

16. The Class consists of:

   a. all individuals with addresses in the State of California;

   b. to whom the Defendant PRA made a collection call;

   c. attempting to collect a consumer debt;

   d. during a time which is known to be improper to contact a consumer;

   e. which phone call was made on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

17. The identities of all class members are readily ascertainable from the records of the Defendant and those companies and entities on whose behalf it attempts to collect and/or have purchased debts.

18. Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

19. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's verbal communications to consumers, in the message attached as Exhibit A, violate 15 U.S.C. § 1692c, 1692d, 1692e and 1692f.

20. Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff, nor his attorneys, have any interests that might cause them not to vigorously pursue this action.

21. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

a. **Numerosity:** Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendant's verbal communications to consumers, in the message attached as Exhibit A, violate 15 U.S.C. § 1692c, 1692d, 1692e and 1692f.

c. **Typicality:** Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

d. **Adequacy:** Plaintiff will fairly and adequately protect the interests of the class members insofar as the Plaintiff has no interests that are averse to the absent class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues and class actions. Neither the Plaintiff, nor counsel, have any interests that might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

22. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

23. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

24. Plaintiff repeats the above paragraphs as if set forth here.

25. Some time prior to December 6, 2022, Plaintiff allegedly incurred an obligation.

26. The obligation arose out of transactions incurred primarily for personal, family or household purposes.

27. The alleged obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5) and Cal. Civ. Code § 1788.2(d).

28. According to the voice message left following a collection phone call, PRA was attempting to collect this alleged debt.

29. Defendant PRA collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Service, telephone and internet.

*Violation – December 6, 2022 Phone Call*

30. On December 6, 2022, Defendant called the Plaintiff cell phone ("Phone Call") regarding an alleged debt.

31. At the time that Defendant made the Phone Call, the time was on or about 6:02 AM.

32. The message notes that PRA is attempting to collect a debt but does not state the name of the creditor.

33. The time of the phone call is a violation by Defendant.

34. A reasonable consumer would not expect to be contacted by a debt collector before the sun was up.

35. Specifically, the law states a debt collector may only call a consumer between the hours of 8am-9pm.

36. When a debt collector contacts the consumer at a time or place that should be known to be inconvenient, the debt collector has harmed the consumer.

37. When a debt collector engages in conduct the natural consequence of which is to harass, oppress, or abuse, the debt collector has harmed the consumer.

38. When a debt collector uses unfair or unconscionable means in connection with the collection of any debt, the debt collector has harmed the consumer.

39. These violations by Defendant were unconscionable, knowing, willful, negligent and/or intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

40. Defendant's collection efforts with respect to the debt caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with the legally protected right not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

41. The 6am phone call caused the consumer to be frightened and upset as it is not normal to receive a phone call at this time of day and caused him to panic.

42. In reliance on the Phone Call, Plaintiff expended time and money in an effort to mitigate the risk of future financial harm in the form of dominion and control over his funds.

43. Defendant's collection efforts with respect to the debt caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA and RFDCPA provides Plaintiff with the legally protected right to not be misled or treated unfairly with respect to any action for the collection of any consumer debt.

44. Congress is empowered to pass laws and is well-positioned to create laws that will better society at large.

45. As it relates to the violations complained of herein, Congress identified concreate and particularized harms with a close common-law analogue to the traditional torts of fraud, negligent misrepresentation, negligent infliction of emotional distress, and conversion.

46. As a result of Defendant's deceptive, misleading, unfair, unconscionable, and false debt collection practices, Plaintiff has been damaged.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692c *et seq.*

47. Plaintiff repeats the above allegations as if set forth here.

48. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692c.

49. Pursuant to 15 U.S.C. §1692c, "a debt collector may not communicate with a consumer in connection with the collection of any debt at any unusual time or place or at a time or place known or which should be known to be inconvenient to the consumer."

50. Thereafter, 15 U.S.C. § 1692s provides a time that is deemed to be convenient for communicating with the consumer.

51. Defendant violated this section by:

    a. Communicating with the consumer at a time known or which should be known to be inconvenient to the consumer.

52. By reason thereof, Defendant is liable to the Plaintiff for judgment that Defendant's conduct violated Section 1692c, et seq. of the FDCPA and the Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

**COUNT II**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692d** *et seq.*

53. Plaintiff repeats the above allegations as if set forth here.

54. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692d.

55. Pursuant to 15 U.S.C. §1692d, "a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

56. Thereafter, 15 U.S.C. § 1692d provides a non-exhaustive list of conduct that violates the statute.

57. Defendant violated this section by:

    a. Using harassing, oppressing, and/or abusive conduct in attempting to collect the alleged debt by causing a telephone to ring at a time

that is known or should have been known to be inconvenient to the consumer.

58. By reason thereof, Defendant is liable to the Plaintiff for judgment that Defendant's conduct violated Section 1692d, et seq. of the FDCPA and the Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## COUNT III
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692e *et seq.*

59. Plaintiff repeats the above allegations as if set forth here.

60. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692e.

61. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

62. Defendant violated §1692e:

    b. By making a false and misleading representation/omissions in violation of §1692e(10).

63. By reason thereof, Defendant is liable to the Plaintiff for judgment that Defendant's conduct violated Section 1692e, et seq. of the FDCPA and the

Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

**COUNT IV**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692f *et seq.***

64. Plaintiff repeats the above paragraphs as if set forth here.

65. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

66. Pursuant to 15 U.S.C. § 1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

67. Defendant violated this section:

    a. By communicating with the consumer at a time that is known or should have been known to be inconvenient to the consumer;

68. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f et seq. of the FDCPA and the Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

**COUNT V**
**VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION**
**PRACTICES ACT, Cal. Civ. Code § 1788 *et seq.***

69. Plaintiff repeats the above allegations as if set forth here.

70. Defendant violated the RFDCPA. Defendant's violations include, but are not limited to, the following:

   a. Defendant violated Cal. Civ. Code § 1788.17 by collecting or attempting to collect a consumer debt without complying with the provisions of Sections 1692b to 1692j, inclusive, of Title 15 of the United States Code (Fair Debt Collection Practices Act).

      i. Defendant violated Cal. Civ. Code § 1788.17 by communicating with the consumer at a time known or which should be known to be inconvenient to the consumer.

      ii. Defendant violated Cal. Civ. Code § 1788.17 by using harassing, oppressing, and/or abusive conduct in attempting to collect the alleged debt by causing a telephone to ring at a time that is known or should have been known to be inconvenient to the consumer.

      iii. Defendant violated Cal. Civ. Code § 1788.17 by using false representations or deceptive means to collect or attempt to collect the debt or obtain information concerning the consumer.

      iv. Defendant violated Cal. Civ. Code § 1788.17 , by using unfair or unconscionable means to collect or attempt to collect any debt.

  b. Defendant violated Cal. Civ. Code § 1812.700 by contacting the consumer at a time before 8 a.m. or after 9 p.m.

71. Defendant's acts, as described above, were done intentionally with the purpose of coercing the Plaintiff to pay the alleged debt.

72. As a result of the foregoing violations of the RFDCPA, Defendant is liable to the Plaintiff for actual damages, statutory damages, attorneys' fees and costs.

## DEMAND FOR TRIAL BY JURY

73. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Louis Chen, individually and on behalf of all others similarly situated, demands judgment from Defendant PRA as follows:

  a)   Declaring that this action is properly maintainable as a Class Action and certifying the Plaintiff as Class representative, and Jonathan Stieglitz, Esq., as Class Counsel;

  b)   Awarding the Plaintiff and the Class statutory damages;

  c)   Awarding the Plaintiff and the Class actual damages;

d) Awarding the Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

e) Awarding pre-judgment interest and post-judgment interest; and

f) Awarding the Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: December 5, 2023

THE LAW OFFICES OF
JONATHAN A. STIEGLITZ

By: */s/ Jonathan A Stieglitz*
Jonathan A Stieglitz